```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                       FORT MYERS DIVISION

PATRICIA           KENNEDY,
individually,

        Plaintiff,

v.                                  Case No: 2:15-cv-757-FtM-99MRM

MT. RIDGE REALTY ASSOCIATES,
LLC,

        Defendant.
```

## OPINION AND ORDER

This matter comes before the Court on review of the file. Plaintiff Patricia Kennedy initiated her Complaint (Doc. #1) on December 4, 2015, and defendant Mt. Ridge Realty Associates, LLC appeared and filed an Answer and Affirmative Defenses (Doc. #7) on December 23, 2015. On January 29, 2016, after conferring telephonically, the parties filed their Case Management Report (Doc. #11) proposing certain deadlines, including a date of November 9, 2016, for defendant to disclose expert reports.

Eleven days later, including a holiday and weekend, on February 9, 2016, plaintiff filed a Motion for Summary Judgment (Doc. #12). Defendant filed a Response in Opposition (Doc. #14) and Affidavit in Support (Doc. #15) noting the lack of any opportunity to conduct discovery, and plaintiff filed a Reply (Doc. #18).

Rule 56 requires adequate time for discovery prior to entry of summary judgment. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Entry of summary judgment before the nonmoving party has had time to conduct discovery constitutes reversible error. See WSB-TV v. Lee, 842 F.2d 1266, 1269 (11th Cir. 1988). A party has the right to challenge the factual evidence presented by the moving party by conducting sufficient discovery so as to determine if it may furnish opposing affidavits. Snook v. Tr. Co. of Ga. Bank of Savannah, N.A., 859 F.2d 865, 870 (11th Cir. 1988). Ruling on the merits of a case in which a motion for summary judgment has been prematurely filed would frustrate the non-movant's right to factually investigate. Blumel v. Mylander, 919 F. Supp. 423, 429 (M.D. Fla. 1996).

On August 30, 2016, the court issued an Amended Related Case Order and ADA Title III Track Two Notice (Doc. #19) indicating that the Court would be issuing a modified scheduling order. On September 9, 2016, the court issued an ADA Title III Scheduling Order (Doc. #22) requiring the parties to adhere to special deadlines. In light of this Scheduling Order, discovery is stayed until such time as settlement efforts have been exhausted. (Doc. #22, ¶ 8.) The Court finds that the motion was premature at the time of filing, and that defendant is now foreclosed from conducting a factual investigation. The motion will be denied.

Accordingly, it is hereby

**ORDERED:**

Plaintiff's Motion for Summary Judgment (Doc. #12) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this ___22nd___ day of September, 2016.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record